IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GGNSC ALTOONA HILLVIEW LP, *d/b/a* GOLDEN LI VINGCENTER-HILL VIEW; GGNSC ALTOONA HILLVIEW GP LLC; GOLDEN GATE ANCILLARY, LLC; GGNSC CLINICAL SERVICES, LLC; GGNSC EQUITY HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NANCY D. MARTZ, Executrix of the Estate of HARRY L. OTTO, <br><br> Defendant. | CIVIL ACTION NO. 3:15-32 <br><br><br> JUDGE KIM R. GIBSON |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

This case arises from state court litigation in the Court of Common Pleas of Blair County, Pennsylvania, wherein the Defendant in the instant matter (**Federal Defendant**) sued Plaintiffs in the instant matter (**Federal Plaintiffs**). Here, the Court addresses whether the underlying state court case should be stayed and the parties compelled to arbitration pursuant to an alternative dispute resolution agreement, which Federal Plaintiffs allege governs the underlying dispute. Presently before this Court is an amended motion to dismiss by Federal Defendant Nancy D. Martz, Executrix of the Estate of Harry L. Otto. (ECF No. 13.) For the reasons that

1

follow, the Court will **GRANT** Federal Defendant's motion to dismiss the Complaint to Compel Arbitration and Stay Proceedings in Court of Common Pleas of Blair County, Pennsylvania.

## II.     Jurisdiction and Venue

The Court has jurisdiction over Federal Plaintiffs' claims pursuant to 28 U.S.C. § 1332 (a)(1), as there is complete diversity of citizenship between the parties, and the amount in controversy in the state proceeding exceeds $75,000, exclusive of interest and costs, and pursuant to 9 U.S.C. § 4 of the Federal Arbitration Act. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## III.     Factual and Procedural Background

Federal Plaintiffs initiated the instant action by filing a Complaint to Compel Arbitration and Stay Proceedings in Court of Common Pleas of Blair County, Pennsylvania, on February 4, 2015. ([ECF No. 1](#).) The Court notes that this case appears to be one of a number of similarly situated actions arising in federal courts in Pennsylvania. Federal Plaintiffs allege the following relevant facts in the complaint, which the Court accepts as true for the sole purpose of deciding the pending motion.

Decedent, Harry L. Otto, was a resident at the Golden LivingCenter-Hillview skilled nursing facility in Altoona, Pennsylvania, from June 25, 2012 through August 11, 2012. ([*Id*. ¶¶ 3, 23](#).) At the time of Decedent's admission to the facility, Federal Defendant, as Decedent's Power of Attorney, executed an Alternative Dispute Resolution Agreement (**ADR Agreement**), which Federal Plaintiffs claim governs the instant dispute. ([*Id*. ¶ 4; ECF No. 1-4.](#)). The ADR Agreement was not a condition of Decedent's admission to the Golden LivingCenter-Hillview facility. ([ECF No. 1 ¶ 25](#).)

The ADR Agreement defines the term "Facility" to mean "the living center, its employees, agents, officers, directors, affiliates and any parent or subsidiary of Facility and its medical director acting in his or her capacity as medical director." (*Id.* ¶ 26.) In addition, the ADR Agreement defines "Resident" to refer to "the Resident, all persons whose claim is or may be derived through or on behalf of the Resident, including any next of kin, guardian, executor, administrator, legal representative or heir of the Resident, and any person who has executed this Agreement on the Resident's behalf." (*Id.* ¶ 27.) The ADR Agreement further identifies disputes covered by the ADR Agreement as follows:

> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where the Facility is located. Covered Disputes include but are not limited to all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the other Party; a violation of a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract; consumer protection; fraud; misrepresentation; negligence; gross negligence; malpractice; and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards.

(*Id.* ¶ 28.) Federal Plaintiffs allege that Federal Defendant's claims in the underlying state court civil action are covered disputes within the scope of the ADR Agreement, and that all such claims arise from Decedent's residency at the GGNSC Altoona Hillview, LP, d/b/a Golden LivingCenter-Hillview skilled nursing facility. (*Id.* ¶ 29.)

Despite the existence of the ADR Agreement, Federal Defendant, Nancy D. Martz, as Executrix of the Estate of Harry L. Otto, deceased, commenced a general docket civil action in the Court of Common Pleas of Blair County, Pennsylvania, on June 18, 2014, against Federal Plaintiffs, asserting claims pursuant to, *inter alia*, Pennsylvania's Survival Statute (42 Pa.C.S.A. §

8302) and Wrongful Death Act (42 Pa.C.S.A. § 8301). (*Id.* ¶¶ 1, 30; ECF No. 1-2.) On January 2, 2015, Federal Defendant filed an amended complaint against Federal Plaintiffs in the Court of Common Pleas. (ECF No. 1 ¶ 2.)

The underlying action alleges that Decedent sustained injuries and damages as a result of the allegedly negligent care provided to Decedent by staff at the Golden LivingCenter-Hillview skilled nursing facility and due to allegedly negligent corporate oversight of the facility by Federal Plaintiffs. (*Id.* ¶ 16.) Federal Plaintiffs filed Preliminary Objections to Plaintiff's amended complaint on February 16, 2015, arguing, *inter alia*, that the state court should dismiss Federal Defendant's amended complaint based lack of subject matter jurisdiction because of the existence of the ADR Agreement. (ECF No. 14-2 ¶¶ 10-30.) On April 6, 2015, Federal Defendant filed a response and brief in opposition to Plaintiffs' preliminary objections, arguing that the ADR Agreement failed as a matter of Pennsylvania law. (ECF No. 13 ¶ 8; ECF No. 14-4.) On May 11, 2015, the parties, by and through counsel, appeared before the Honorable Wade A. Kagarise, for oral argument on the state court preliminary objections, including Federal Plaintiffs' preliminary objection to compel arbitration pursuant to the ADR Agreement. (ECF No. 13 ¶ 9.)

By final Opinion and Order, dated May 12, 2015 (the **State Court Order**), the Court of Common Pleas of Blair County overruled Federal Plaintiffs' preliminary objection to compel arbitration. (ECF No. 14-5.) Applying Pennsylvania law, the State Court Order held that the ADR Agreement could not compel the Wrongful Death claim to arbitration because a wrongful death claim vests in the estate upon the decedent's death and is therefore free from obligations taken on by the decedent. (*Id.* at 8.) The court reasoned that Federal Defendant signed the ADR

4

Agreement only as Decedent's legal representative, and therefore did not waive her own right to a jury trial. (*Id*.) The court noted that compelling arbitration would result in a denial of Federal Defendant's rights as a wrongful death claimant who never intended to submit her own claims to arbitration. (*Id*.) Further, the court concluded that consolidation of the wrongful death and survival claims was appropriate because consolidation was not prohibited or preempted by the FAA, and because consolidation would prevent duplicative and inconsistent liability and damage determinations. (*Id*.) The court therefore determined that it had jurisdiction to hear the case, given that the ADR Agreement was not binding on Federal Defendant. (*Id*.) Federal Plaintiffs filed an appeal of the State Court Order on May 29, 2015, which remains pending at this time. (ECF No. 14-6.)

Federal Plaintiffs' complaint asks the Court to compel arbitration of the underlying dispute pursuant to the Federal Arbitration Act (**FAA**), stay the underlying proceedings in the Court of Common Pleas, and enjoin Federal Defendant from further pursuing the state court action pursuant to the Anti-Injunction Act. (ECF No. 1 ¶¶ 31-37; 38-42; 43-45.)

Federal Defendant filed a motion to dismiss the Complaint, and a brief in support thereof, on May 11, 2015. (ECF Nos. 7, 8.) Federal Defendant filed an amended motion to dismiss and brief in support thereof on September 8, 2015, after the state court had overruled Federal Plaintiffs' preliminary objections. (ECF Nos. 13, 14.) Federal Plaintiffs filed a response to the original motion to dismiss (ECF No. 9), and a response to the amended motion to dismiss, wherein Federal Plaintiffs responded only to those arguments that were raised for the first time in the amended motion to dismiss. (ECF No. 18.) Federal Defendant filed a reply brief and supplemental brief in further support of the motion to dismiss. (ECF Nos. 23, 24.)

5

As the parties have fully briefed the Court on the pending motion, the matter is now ripe for adjudication.

**IV.     Applicable law**

Defendant has filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id*. at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action…do not suffice." *Iqbal*, 556 U.S. at 678.

6

Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp*. 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has pleaded a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

"[R]es judicata, although an affirmative defense, may be raised in a Rule 12(b)(6) motion." *Tyler v. O'Neill*, 52 F.Supp.2d 471, 473-74 (E.D. Pa. 1999) *aff'd sub nom. Tyler v. O'Neil*, 225 F.3d 650 (3d Cir. 2000) (citing *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Mack v. Municipality of Penn Hills*, 547 F.Supp. 863, 868, n. 9 (W.D. Pa. 1982)).

V. **Discussion**

Federal Defendant argues that Federal Plaintiffs' complaint fails to state a claim upon which relief can be granted. (ECF Nos. 13, 14.) Specifically, Federal Defendant argues that Federal Plaintiffs' complaint should be dismissed on the grounds of issue and claim preclusion for failure to state a claim. (ECF No. 13 ¶¶ 16-19; ECF No. 14 at 5-18.) Because the Court concludes that the complaint should be dismissed under the doctrine of issue preclusion, the

7

Court need not address Federal Defendant's remaining arguments in support of the motion to dismiss.

Federal Plaintiffs' complaint seeks arbitration of the underlying survival and wrongful death claims. Under Pennsylvania law, "wrongful death actions are derivative of decedents' injuries but are not derivative of decedents' rights." *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 660 (Pa. Super. Ct. 2013), *appeal denied*, 86 A.3d 233 (2014) and *cert denied*, 134 S.Ct. 2890, 189 L.Ed. 2d 838 (2014). "Accordingly, state and federal courts have consistently declined to compel arbitration of wrongful death claims in these types of cases, because the beneficiaries' rights cannot be surrendered by an agreement signed only by the decedent." *GGNSC Uniontown, LP v. Bauer*, 2015 WL 9304508, at *1-2 (W.D.Pa. Dec. 22, 2015) (citing *Erie Operating, LLC v. Foster*, No. CA 14-72, 2015 WL 5883658, at *2 (W.D.Pa. Oct. 8, 2015); *GGNSC Erie Western Reserve, LP v. Stubits*, CA 15-61 ([ECF No. 17 at 9](#)) (W.D.Pa. Aug. 7, 2015); *Pisano*, 77 A.3d at 660-61).

In contrast, recovery in survival actions "stems from the rights of action possessed by the decedent at the time of death." *Pisano*, 77 A.3d at 659-60 (quoting *Moyer v. Rubright*, 651 A.2d 1139, 1141 (Pa. Super. Ct. 1994)). Survival claims thus generally fall within the scope of valid arbitration agreements signed by decedents.

There is, however, a split among Pennsylvania state and federal courts as to whether a survival claim can be compelled to arbitration in a case where, as in the case at hand, there is a related wrongful death claim that cannot be compelled to arbitration. *See GGNSC Uniontown*, 2015 WL at *2 (*comparing Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317, 321-28 (Pa. Super. Ct. 2015) *appeal granted*, 122 A.3d 1036 (Pa. 2015) (holding that because the issues are identical in the two actions, pursuant to Pa.R.C.P. 213(e), the survival claim should not be

8

separated from the wrongful death claim and compelled to arbitration because of the possibility of "inconsistent liability and duplicative damage determinations") *with, e.g., Erie Operating*, 2015 WL at *2 (acknowledging a "split of authority as to whether the [Federal Arbitration Act] preempts Pa.R.C.P. 213(e)" and compelling arbitration of the survival claim and not the wrongful death claim); *and Golden Gate Nat'l Senior Care, LLC v. Beavens*, No. CV 15-17, 2015 WL 5000886, at *9-10 (E.D. Pa. Aug. 20, 2015) (ordering same and expressly finding that "the FAA preempts the application of Rule 213 to [such a case]")).

Faced with a similar fact pattern and the same issues as those presently before the Court, the Honorable Cathy Bissoon noted that "[w]ere it not for the ruling of the Court of Common Pleas, this Court would have to dismiss [the] Complaint with regard to the wrongful death claim, and would likely follow other federal courts in compelling the survival claim to arbitration." *GGNSC Uniontown*, 2015 WL, at *2. In light of the decision of the Court of Common Pleas in that case, however, Judge Bissoon concluded that issue preclusion required dismissal of the federal plaintiffs' complaint. This Court agrees with Judge Bissoon's analysis and similarly concludes that the State Court Order requires dismissal of the federal complaint as barred by the doctrine of issue preclusion. *See also GGNSC Erie*, CA 15-61 ([ECF No. 33 at 4-8](#)) (finding preclusive effect under similar facts, even where the prior state court ruling was not brought to the court's attention until after it had ruled on the federal defendant's motion to dismiss).

### A. Federal Plaintiffs' Claims Are Barred By Issue Preclusion

Federal Defendant argues that Federal Plaintiffs' complaint should be dismissed based on issue preclusion. ([ECF No. 14 at 7-15](#).) Federal Defendant argues that because the state court already decided the issue of whether the state law tort claims must be compelled to arbitration

9

under the FAA, Federal Plaintiffs are precluded from relitigating that issue here. (*Id.* at 9-10.) Federal Defendant states that the full faith and credit owed to the State Court Order requires that this Court dismiss the present action. (*Id.* at 15.) Because the Court agrees with Federal Defendant that Federal Plaintiffs' claims should be dismissed under the doctrine of issue preclusion, the Court does not reach Federal Defendant's alternative theories in support of the instant motion to dismiss.

"The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States…as long as they have by law or usage in the courts of such State…from which they are taken.'" *Grimes v. Vitalink Commun. Corp.*, 17 F.3d 1553, 1562 (3d Cir. 1994) (quoting 28 U.S.C. § 1738) (quotations omitted). Federal courts "must give the acts of Pennsylvania's courts the same full faith and credit in federal court that they would enjoy in Pennsylvania's courts." *Greenleaf v. Garlock Inc.*, 174 F.3d 352, 257 (3d Cir. 1999). Therefore, to determine the preclusive effect of the State Court Order, the Court must look to the law of Pennsylvania. *Id*.

Under Pennsylvania law, issue preclusion "forecloses litigation of a specific issue of law or fact that has been litigated and was necessary to a previous final judgment." *Cytemp Specialty Steel v. W.C.A.B.*, 39 A.3d 1028, 1034 (Pa. Commw. 2012); *Cemex, Inc. v. Indus. Contracting and Erecting, Inc.*, 2006 WL 1785564, at *3 (W.D.Pa. June 26, 2006). Another court's determination of an issue will have preclusive effect under Pennsylvania law if: "(1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or in privity

with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action." *Cemex, Inc. v. Indus. Contracting & Erecting, Inc.*, 2006 WL 1785564, at *3 (W.D. Pa. June 26, 2006) *affd*, 254 F. App'x 146 (3d Cir. 2007) (citing *Tucker v. Philadelphia Daily News*, 848 A.2d 113, 120 (Pa. 2004)).

Here, there is no question that the third and fourth requirements have been met and the parties do not dispute that these elements are satisfied. The Court must therefore consider whether the issues are identical and whether the State Court Order constitutes a final judgment on the merits under Pennsylvania law.

    **1. The Issues Are Identical**

As to the first element, whether the issues are identical, Federal Plaintiffs argue that issue preclusion does not bar their claims because the State Court Order did not rely on the "express mandate of the FAA or its Supremacy Clause" in reaching its decision, and because this Court is not bound by the state court's interpretation of the FAA. (ECF No. 18. at 8-9.) Federal Plaintiffs assert that the State Court Order overruled Federal Plaintiffs' preliminary objections based solely on Pennsylvania Rule of Civil Procedure 213(e) (which Federal Plaintiffs assert does not apply in federal court) and on the Superior Court of Pennsylvania's decisions in *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651 (Pa. Super. 2013) and *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa. Super. 2015) (which Federal Plaintiffs assert are not automatically binding on this Court). (ECF No. 18 at 7-11.) Lastly, Federal Plaintiffs assert that the Court is "not bound by the state court's interpretation of federal law, including the FAA." (*Id.* at 9.)

11

The Court finds unavailing Federal Plaintiffs' arguments on the first element, whether the issues are identical. The same issue is raised in both the State Court Order and in Federal Plaintiffs' complaint: whether Federal Defendant's state law tort claims should be compelled to arbitration pursuant to an agreement signed by Federal Defendant in her role as power of attorney to the Decedent. The Court of Common Pleas addressed this issue squarely, and concluded that it had jurisdiction to hear the case and that the tort claims cannot be compelled to arbitration. ([ECF No. 14-5 at 8](#).) Further, notwithstanding Federal Plaintiffs' assertion to the contrary, the State Court Order expressly addresses the arbitrability of the survivor claim under the FAA. After detailing the holdings in *Pisano* and *Taylor*, the Court of Common Pleas concluded that it had jurisdiction to hear the case, given that the wrongful death claim could not be compelled to arbitration, and given its finding that consolidation of the wrongful death claims and survival actions was appropriate under Pennsylvania law (as the court held in *Taylor*). *Id*. ("[W]e find that consolidation of the wrongful death claims and survival actions is appropriate not only because consolidation is not prohibited or preempted by the FAA in this instance, but also to prevent duplicative and inconsistent liability and damage determinations…[W]e find that [] this court has jurisdiction to hear the case as the arbitration agreement is not binding on the Plaintiff such that it would serve to compel this matter to arbitration.").

Federal Plaintiffs' argument that *Pisano* and *Taylor* are not binding on this Court is not relevant to a determination of whether the issue here is identical to the issue in the State Court Order. Indeed, this argument "miss[es] the point of issue preclusion." *GGNSC Uniontown*, 2015 WL 9304508, at *3. Issue preclusion does not require this Court to analyze the relevant issue and

determine that it would reach the same conclusion as the first court. *Id*. (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based on an erroneous view of the law is not open to collateral attack") (citations omitted); *Delaware River Port Auth. V. Fraternal Order of Police*, 290 F.3d 567, 577 (3d Cir. 2002) ("Were we sitting on the New Jersey Courts, we might have interpreted the respective statutes and the DRPA's obligations to its patrol officers differently. But we may not reconsider the New Jersey judgment."); *GGNSC Erie*, CA 15-61 ([ECF No. 33 at 6](#)) ("[T]he case law makes it clear that the fact that a federal court might decide the issue differently than the state court is irrelevant in deciding whether the issues are identical."). Rather, this Court must identify the issue before it and the issue before the Court of Common Pleas, and upon a finding that the issue is identical in each case, and that the remaining requirements for issue preclusion are satisfied, this Court must dismiss the action, *notwithstanding* the possibility that had this Court independently analyzed the relevant issue, it may have reached a different result.

Given the foregoing analysis, the Court concludes that the identical issue of whether Federal Defendant's state law tort claims should be compelled to arbitration pursuant to an agreement signed by Federal Defendant in her role as power of attorney to the Decedent is raised in the state court proceeding and in Federal Plaintiffs' complaint. The first element of issue preclusion is therefore satisfied.

### 2. The State Court Order Constitutes a Final Judgment on the Merits

Federal Plaintiffs assert that the State Court Order does not constitute a final judgment on the merits, because an order denying preliminary objections alleging alternative dispute resolution and requesting the court to order a plaintiff to arbitrate is an interlocutory order

under Pennsylvania law, and because Federal Plaintiffs' appeal of the State Court Order is pending. ([ECF No. 18 at 5, 11](#).)

"Pennsylvania law takes a broad view on what constitutes a 'final judgment' for purposes of *res judicata*." *Richardson v. Folino*, 2012 WL 6552916, at *6 (W.D. Pa. 2012) (citations omitted). Issue preclusion "is applicable when it is determined that the issue to be carried over was adequately deliberated and firm, even if not final in the sense of forming the basis for a judgment already entered." *Greenleaf*, 174 F.3d at 358 (citing Restatement (Second) of Judgments § 13 cmt. g. (1982) (quotations omitted)). Four factors may be considered in determining whether a judgment is "sufficiently firm" to have preclusive effect: "(1) whether the prior decision was 'adequately deliberated and firm' and not 'avowedly tentative'; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; (4) whether the court's prior decision was subject to appeal or was in fact reviewed on appeal." *Id*.

The Court concludes that these factors indicate that the State Court Order constitutes a final judgment on the merits such that it has preclusive effect. The first factor supports a finding of finality because nothing about the State Court Order implies that the ruling is tentative or subject to change. Indeed, Federal Plaintiffs have appealed the State Court Order. Second, the parties were fully heard on the issue of whether the state law claims could be compelled to arbitration. The parties submitted briefing and the Court of Common Pleas held oral argument on the issue. ([ECF No. 14-5 at 2](#).) Third, the State Court Order was supported by a reasoned opinion. As explained above, the State Court Order addressed the relevant issue squarely and devoted over three full pages of analysis to explain its reasoning, which included a review of

14

relevant Pennsylvania case law where prior courts had addressed nearly identical factual scenarios. (*Id*. at 5-8.) As to the fourth factor, the fact that the issue is pending appeal in the state court system does not necessitate a finding that the State Court Order was not final for purposes of the issue preclusion inquiry. *See, e.g., GGNSC Uniontown*, 2015 WL 9304508, at *4 ("That the issue is pending on appeal in the state court system does not render it lacking in finality for the purposes of issue preclusion"); *GGNSC Erie*, CA 15-61 (ECF No. 33 at 6) ("courts applying Pennsylvania law have held that the pendency of appeal is irrelevant for the purposes of issue preclusion.") (collecting cases); *Schuldiner v. Kmart Corp.*, 450 F.Supp2d 605, 609 (E.D. Pa. 2006) ("Pennsylvania law does not require that courts await appellate review in an initial action before res judicata or collateral estoppel may apply to a second action."); *Cemex*, 2006 WL at *3 ("a judgment is deemed final for purposes of [issue preclusion] unless or until it is reversed on appeal"); *Yonkers v. Donora Borough*, 702 A.2d 618, 621 (Pa. Cmmw. 1997) ("Postponing finality of a judgment for purposes of [issue preclusion] until appellate review is conducted tends toward duplication of litigation; [therefore,] holding that a judgment is final despite pendency of an appeal…seems the best general solution."). Therefore, the Court determines that the four factors support a finding that the State Court Order was sufficiently firm to constitute a final judgment on the merits for issue preclusion purposes.

Having determined that the four elements for issue preclusion are satisfied in this case, the Court concludes that full faith and credit and comity toward the state courts of Pennsylvania require dismissal of the complaint.

15

**B. Leave to amend**

The law is well settled that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall freely be given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F.Supp.2d 719, 727 (W.D. Pa. 2014).

The Court finds that amendment would be futile in this case, given the Court's conclusion that the claims stated in the complaint are precluded by the State Court Order. The Court therefore denies leave to amend. Federal Plaintiffs' appeal to the Superior Court, and the Supreme Court's review of *Taylor* remain as proper avenues for Federal Plaintiffs to continue to pursue their claims.

### C. Conclusion

For the reasons stated above, the Court grants Federal Defendant's amended motion to dismiss the complaint. ([ECF No. 13](ECF No. 13).)

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GGNSC ALTOONA HILLVIEW LP, *d/b/a* GOLDEN LI VINGCENTER-HILL VIEW; GGNSC ALTOONA HILLVIEW GP LLC; GOLDEN GATE ANCILLARY, LLC; GGNSC CLINICAL SERVICES, LLC; GGNSC EQUITY HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC HOLDINGS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 3:15-32 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| NANCY D. MARTZ, Executrix of the Estate of HARRY L. OTTO, | ) ) ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 8th day of February, 2016, upon consideration of Defendant's amended motion to dismiss (ECF No. 13), and in accordance with the foregoing memorandum opinion, **IT IS HEREBY ORDERED** that Defendant's amended motion is **GRANTED** with prejudice. **IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 7) is **DENIED AS MOOT**.

BY THE COURT:

*[signature]*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE